**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:11-763 |
| | § | |
| HERSCHEL WAYNE CARUTHERS, | § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant/Movant Herschel Wayne Caruthers' "Holoway Motion," whereby he moves the Court for compassionate release (D.E. 59).

## I. Background

In December 2011, Movant pled guilty to conspiracy to transport and attempt to transport United States currency from the United States to Mexico, in violation of 18 U.S.C. § 1956(h). He was sentenced to 150 months' imprisonment, to be followed by 2 years' supervised release. In June 2015, the Court reduced Movant's sentence to 135 months pursuant to 18 U.S.C. § 3582(c) and Amendment 782 of the United States Sentencing Guidelines.[1] According to the Bureau of Prisons (BOP) Inmate Locator, his projected release date is May 4, 2021.

Movant now moves the Court to commute the remainder of his sentence and order his immediate release under *Holloway v. United States*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014).[2] He asks the Court to consider that he is of advanced age (69 years) and has had

---

[1] The underlying offense involved the transportation of cocaine, the amount of which determined Movant's base offense level.
[2] The district court in *Holloway* reopened the defendant's motion under § 2255 and resentenced him after the United States Attorney General agreed to an order vacating two of the defendant's counts of convictions and resentencing him on the remaining counts. The case did not involve compassionate release.

1

significant heart issues for several years, including an irregular heart rhythm, a stroke, eight heart attacks, and a weak heartbeat. As a result, he is weak and unable to walk more than 50 steps without resting, he must use a walker, and he stays in bed except to go to meals, the restroom, and medical appointments. He further states that Dr. Klein, a cardiologist at the Federal Medical Center – Fort Worth, informed him on November 30, 2017, that he only has 18 months to live. Movant urges the Court to reconsider the 18 U.S.C. § 3553(a) sentencing factors and order his compassionate release.

**II. Analysis**

The relief Movant seeks is available, if at all, under 18 U.S.C. § 3582:

> ***[T]he court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment*** (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, ***if it finds that extraordinary and compelling reasons warrant such a reduction.***

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). In order for this statute to apply, the BOP Director must move the court to reduce a defendant's sentence; a court is without jurisdiction to grant compassionate release without such a motion. *Schotz v. Willis*, 2017 WL 1190148, at *3–*4 & n.36 (W.D. Tex. Mar. 3, 2017) (citing *Engle v. United States*, 26 F. App'x 394, 397 (6th Cir. 2001) (district court lacks jurisdiction to sua sponte grant compassionate release to federal prisoner where BOP Director has not filed a motion requesting a modification of sentence)); *Strunk v. Restro*, 2016 WL 7496183, at *2 (N.D. Tex. Nov. 18, 2016), *report and recommendation adopted*, 2016 WL 7491852 (Dec. 30,

2016) (dismissing defendant's motion for compassionate release for lack of jurisdiction where BOP Director had not filed motion on defendant's behalf).

The BOP's policy "'generally restrict[s] compassionate release to inmates who have been diagnosed with medical conditions that are terminal within one year, or who suffer from severely debilitating and irreversible conditions that render them unable to provide self-care . . . .'" *Schotz*, 2017 WL 1190148, at *4 (quoting *Williams v. Van Buren*, 117 F. App'x 985, 987 (5th Cir. 2004)). Assuming Movant fits these criteria as alleged in his current motion, he has administrative remedies available through the BOP to address such complaints. *See United States v. Douglas*, 696 F. App'x 666, 670 n.5 (5th Cir. 2017) (citing 28 C.F.R. § 542.10). Once Movant exhausts his administrative remedies, he may petition for habeas relief pursuant to 28 U.S.C. § 2241 if the BOP refuses to file a motion for compassionate release on his behalf. *Id.* (denying motion challenging BOP's improper denial of petition for compassionate release for failure to exhaust administrative remedies) (citing *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (Absent exceptional circumstances, "a federal prisoner filing a § 2241 petition must first pursue all available administrative remedies.")).

### III. Conclusion

For the foregoing reasons, Movant's motion for compassionate release (D.E. 59) is **DENIED** for lack of jurisdiction.

So **ORDERED** this _____ day of ___4/4/18_____, 2018.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

3